PRENTISS, APPELLEE, *v.* KIRTZ ET AL., APPELLANTS.

(No. E-76-44—Decided June 10, 1977.)

*Murray & Murray Co., L. P. A.,* and *Steinemann, Zeiher, Beamer & Schell Co., L. P. A.,* for appellee.

*Flynn, Py & Kruse Co., L. P. A., Mr. Raymond N. Watts* and *Mr. John A. Coppeler,* for appellants.

BROWN, J. Defendant-appellant, Nicholas Equipment Company, appeals from a judgment on a $60,000 jury verdict for plaintiff-appellee, Robert Prentiss, in Erie County Common Pleas Court. Plaintiff had four fingers amputated while operating a shear grinding machine for his employer, Parker Manufacturing Company, Worcester, Massachusetts. The defendant, Nicholas Equipment Company of Sandusky, Ohio, before the accident had manufactured and sold the shear grinding machine to Parker Manufacturing Company.

Plaintiff's action is against the defendant as the manufacturer and seller of the shear machine. Plaintiff claimed that defendant negligently designed the machine, creating a hazard which directly and proximately caused plaintiff's injuries. On the day of the accident, after more than an hour of monotonous operation, plaintiff, while grinding serrations on mower blades, encountered a blade which stuck. He tried with his hands to remove the stuck blade from the fixture without shutting off the grinding wheel. The fixture moved toward the grinding wheel. Plaintiff's left hand came into contact with the grinding wheel causing the loss of plaintiff's fingers.

This is a products liability case. The gist of plaintiff's claim is that defendants' negligence in design existed because the grinding machine sold by defendant on which plaintiff's injury occurred was not equipped with proper safety devices, such as properly located cycle, start and stop buttons, selector switches, two-button start system, and/or a shield to prevent inadvertent bumping of the start button, which would have made the injury impossible.

On the issue of the negligent design of the grinding machine, Dr. Raymond Hagglund, a licensed engineer with a Ph. D degree in applied mechanics, testified for plaintiff. Dr. Hagglund had extensive experience as a teacher and as a consultant to industry dealing specifically with the subject of safety design. He had never designed a grinding machine for use in industry, but had designed one grinding machine for research. Opposed to this, defendant produced as a witness, Leonard Kirtz, who held a mechanical engineering degree with a specialty in machine design. He had had an intimate knowledge of the grinding machine industry since 1943. He had designed a number of grinding machines and had personal contact with all manufacturers of such machines since 1950. Essentially, the testimony of Dr. Hagglund on the one hand, revealing defective design of the shear grinding machine, and the testimony of Leonard Kirtz on the other hand, revealing that the same machine was safely designed, created a conflict in the testimony on the issue of defective design.

58

At the close of the evidence defendant moved for a directed verdict, which motion was overruled. After the rendition of the $60,000 jury verdict for plaintiff, defendant moved for a judgment notwithstanding the verdict, which motion also was overruled. The sole assignment of error is predicated upon the trial court's overruling of these two motions. The legal question arising is as follows. Did the evidence on the issue of defective design of the shear grinding machine, manufactured by defendant, from which plaintiff's injury proximately arose, create a factual issue for a jury determination? This question must be answered under the facts in this case in the affirmative. We affirm.

Here there was expert testimony from Dr. Hagglund that the shear grinding machine was defectively designed so that an operator's hand could easily be injured because of the absence of certain safety devices. A manufacturer has a legal duty to build a product which is reasonably fit and safe for the purpose for which it is intended. See, e. g., *Ward* v. *Hobart Mfg. Co.* (C. A. 5, 1971), 450 F. 2d 1176; *Gossett* v. *Chrysler Corp.* (C. A. 6, 1966), 359 F. 2d 84; *Farr* v. *Wheeler Mfg. Corp.* (1970), 24 Mich. App. 379, 180 N. W. 2d 311. Measured by this general principle of law, a jury issue of defective design was presented by the evidence.

Where a grinding machine or a press, in its operation, requires the operator to have his hands near the cutting or grinding process, where a single start-button system creates risk of injury to the operator by being accidentally bumped, and a different design or other protective devices can avoid such risk or harm, the manufacturer is liable to the operator injured as a proximate result of its failure to exercise reasonable care by adopting such defective design. See *Wells* v. *Web Machinery Co.* (1974), 20 Ill. App. 3d 545, 315 N. E. 2d 301; *Bexiga* v. *Havir Mfg. Co.* (1972), 60 N. J. 402, 290 A. 2d 281; *Finnegan* v. *Havir Mfg. Co.* (1972), 60 N. J. 413, 290 A. 2d 286; Prosser on Torts (4th ed. 1971), 645-647, Section 96; Restatement of Torts 2d 336, Section 398 (1965); Annotation 78 ALR 2d 594; Annotation, 76 ALR 2d 91; *cf. Larson* v. *De-*

*Vilbiss Co.* (C. A. 7, 1971), 454 F. 2d 461. Where a person, by reason of economic necessity, is compelled to work on a machine defectively designed which proximately causes him injury during such operation, his mere exposure to such dangerous place does not constitute contributory negligence or assumption of the risk on his part as a matter of law. *Independent Nail and Packing Co., Inc.* v. *Mitchell* (C. A. 1, 1965), 343 F. 2d 819.

The expert opinion testimony of Dr. Hagglund, the essence of which remained uncontradicted, supports the application of the foregoing legal principles to the facts in this case. As a consultant, Dr. Hagglund in March 1971 was retained by Parker Mfg. Co. (employer of plaintiff at the time of the injury) to investigate and examine the grinding machine which injured plaintiff. His assignment was to perform a safety analysis of this machine to determine if the machine was safe for an operator using it for production. Based upon the safety analysis test he performed on this machine, Dr. Hagglund gave an opinion that the machine at the time it injured plaintiff was unsafe for three reasons: (1) it had only a single-button system for energizing the shear grinding, whereas safety to the operator required a two-button system; (2) the single-button system was located in a position at approximately waist and shoulder height, which made its accidental tripping easy; and (3) the operator had to put his hand a few inches from the front of the continuous rotating wheel to place a blade on the holder bracket, and in this situation distraction or otherwise could permit the operator to leave the left hand unintentionally on the chuck near the grinding wheel while pressing the single switch button start with the right hand, thus energizing the cycle while one hand was moving into the grinding wheel. Dr. Hagglund considered the first and second factors as a primary danger, and the third factor as a secondary point.

Dr. Hagglund, basing his opinion on a mechanical engineering manual published since 1943, as well as his own experience, stated that a safe grinding machine required two basic elements, both absent in the grinding

machine which injured plaintiff. First, safe design requir-
ed a start button that could not be accidentally tripped.
Second, machine design should be such that the operator's
hand would at no time during the working cycle be in the
vicinity of the work zone, which could have been accom-
plished by a two button start system in this case.

Defendant relies heavily upon *Burkhard* v. *Short*
(1971), 28 Ohio App. 2d 141, decided by this court, to sus-
tain its position. In *Burkhard, supra,* plaintiff was injur-
ed by being thrown, in a collision, against an unpadded
steel dashboard manufactured by defendant. The decision
stood for the proposition that the manufacturer is not
under a duty to design an automobile against all possi-
ble consequences of a head-on collision causally unrelat-
ed to the alleged defect in design.

*Burkhard, supra,* is distinguishable. In the present
case there was a jury issue as to whether the accident and
injury to plaintiff Prentiss were causally related to the
alleged defect in design of the grinding machine. Unlike
the plaintiff in *Burkhard, supra,* plaintiff Prentiss, by rea-
son of the machine design, was placed in the position of
encountering the risk, 120 times each hour, of having his
hand pulled into the machine if he inadvertently bumped
the protruding cycle start button located inches from
his right arm.

*Judgment affirmed.*

POTTER, P. J., and CONNORS, J., concur.

POTTER, P. J., concurring. I concur in the judgment
but not in the application of the statement by Chief Judge
Aldrich in his concurring opinion in *Independent Nail and
Parking Co.* v. *Mitchell* (C. A. 1, 1965), 343 F. 2d 819, at 823,
relative to "economic compulsion" or "economic neces-
sity" as an excuse for contributory negligence or as-
sumption of the risk. In a day of OSHA, safety codes,
management and labor safety programs, I find this tenet
antiquated.

Contributory negligence was simply a proper issue for the jury.

CONNORS, J., concurring. I concur in the judgment and in the statement of Judge Potter.